**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM D. WEBSTER, | No. 09-35926 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-05661-FDB |
| v. | |
| STACY BRONSON, in her professional capacity and KITSAP COUNTY JUVENILE SERVICES, a municipality doing business as Kitsap County, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, District Judge, Presiding

Submitted October 19, 2010**

Before:     O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

William D. Webster appeals pro se from the district court's order dismissing

his 42 U.S.C. §§ 1983 and 1985 action claiming that family court investigator

---

      \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      \*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Stacy Bronson and the Kitsap County Juvenile Services department violated his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's order granting a motion to dismiss. *Steckman v. Hart Brewing, Inc*., 143 F.3d 1293, 1295 (9th Cir. 1998). We affirm.

To the extent Bronson performed in a quasi-judicial or quasi-prosecutorial function, she had absolute immunity. *See Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003) (en banc). To the extent Bronson's conduct fell beyond the parameters of absolute immunity, Webster failed to state a cognizable equal protection claim. *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (equal protection violations "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent"); *see also Kirtley v. Rainey*, 326 F.3d 1088, 1096 (9th Cir. 2003) (a guardian ad litem's role does not constitute state action).

Webster also failed to state a *Monell* claim because he alleged no facts suggesting that his constitutional rights were violated pursuant to a policy, practice, or custom of the County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Webster's conspiracy claim was also properly dismissed because conclusory allegations are insufficient to support such a claim. *See Olsen v. Idaho State Bd. of*

*Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (dismissal of section 1985 conspiracy claim proper where the plaintiff "failed to allege sufficiently that the appellees conspired to violate her civil rights"); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (conclusory allegations of a conspiracy do not support a claim under section 1983).

Contrary to Webster's contention, the district court did not abuse its discretion by denying his motion seeking recusal. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (adverse rulings alone are insufficient to demonstrate judicial bias).

Webster's remaining contentions are unpersuasive.

**AFFIRMED.**